United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIZALINA ABELLAN, *et al.*, | No. C-11-4765 EMC |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE** |
| WORLD SAVINGS BANK, FSB, *et al.*, | |
| Defendants. _____/ | **(Docket No. 20)** |

Defendants Wells Fargo Bank, N.A., successor by merger with WellsFargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB and World Savings Bank, FSB (sued herein as "World Saving Bank, FSB, Wells Fargo Bank, N.A."), and Golden West Savings Association Service Co., filed a motion to dismiss Plaintiffs' First Amended Complaint ("FAC") on January 4, 2012. Docket No. 20.[1] Defendants argued that, like the original complaint which this Court dismissed, the FAC was unintelligible and failed to state a claim against any defendant. Plaintiffs untimely filed on January 24, 2012 a "Notice to Dismiss Barred as Injury . . . ." Docket No. 22. As the Court is uncertain whether Plaintiffs intended this document to be an amended complaint or an opposition brief, the Court will consider both options below.

The Court, having considered the parties' submissions, determines that the matters are appropriate for resolution without oral argument, and **VACATES** the hearing set for February 17, 2012. The Court hereby enters the following order:

---

[1] On December 27, 2011, Plaintiffs filed two documents styled as "writs of mandate," Docket Nos. 17, 18, which the Court construed as an amended complaint. *See* Docket No. 19.

(1) To the extent that Plaintiffs' recent filing, Docket No. 22, was intended as an opposition to Defendants' motion to dismiss, the Court has considered it and **GRANTS** Defendants' motion to dismiss. Plaintiffs' FAC remains unintelligible and fails to articulate a cognizable claim against any defendant. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotations omitted); Fed. R. Civ. P. 8(a) (describing the general rules for stating a claim for relief). The FAC falls well short of this benchmark, as Plaintiffs fail to inform the Court the nature of the dispute and any claims they may have against Defendants. In addition, in Plaintiffs' untimely opposition, Plaintiffs purport to name additional Defendants not named in the complaint, and recite a litany of statutes and authority with no explanation as to how it relates to the present action or any particular Defendant named in this action. Indeed, Plaintiffs appear to refer to numerous other litigation matters in state court and federal bankruptcy and district court, with no explanation as to how these matters have any bearing upon the instant case. Plaintiffs fail to shed light on any of their claims and provide no plausible basis for relief.

As the Court noted in its previous order, Judge Illston previously dismissed an action brought by Plaintiffs against some of the third parties listed in their opposition, listing some similar legal claims to the extent they can be determined. *See Abellan v. Superior Court of Cal.*, No. C 08-00252 SI, 2008 WL 1897703 (N.D. Cal. Apr. 28, 2008) (dismissing with prejudice complaint against Farmers Insurance and Phoebe Kwong, among others, where complaint "fails to clarify what causes of action plaintiff seeks to present to the Court and what facts underlie these causes of action"). Plaintiffs' most recent filing also refers to a bankruptcy appeal before Judge Hamilton, case no. C-11-401, which Judge Hamilton dismissed on June 10, 2011 for failure to prosecute. *Abellan v. Lieberman*, 11-401 PJH, Docket No. 13. Although it is unclear given the vague and unintelligible nature of Plaintiffs' filings, to the extent Plaintiffs attempt to raise the same claims against the same parties here as in any prior action, *compare, e.g.*, *Abellan v. Superior Court of California*, 2008 WL 564799 (N.D. Cal. Feb. 28, 2008) (dismissing earlier version of complaint and noting that it attempted to raise RICO and fraud claims), *with* Opp. at 2 (mentioning fraud and RICO), the current action may also be partially barred by *res judicata*. *See Int'l Union v. Karr*, 994 F.2d 1426, 1430

1  (9th Cir. 1993). Finally, the Court notes that to the extent Plaintiffs attempt to challenge prior state
2  court decisions through this action, such a challenge would likely be barred by the *Rooker-Feldman*
3  doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983)
4  ("United States District Courts . . . do not have jurisdiction, however, over challenges to state court
5  decisions in particular cases arising out of judicial proceedings even if those challenges allege that
6  the state court's action was unconstitutional."); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415
7  (1923).

8     (2)  To the extent that Plaintiffs intended their most recent filing, Docket No. 22, to be a
9  proposed amended complaint, the Court **DENIES** Plaintiffs leave to amend. First, the amended
10 complaint is untimely and Plaintiffs failed to request leave of Court. The Court's Order of
11 December 16, 2011, granted Plaintiffs 30 days to file an amended complaint. Docket No. 15. As
12 noted above, the Court construed Plaintiffs' December 27, 2011 filings to be their amended
13 complaint. However, even disregarding that order, Docket No. 22 was not filed until January 24,
14 2012, outside the Court's 30-day period. Thus, pursuant to Rule 15 of the Federal Rules of Civil
15 Procedure, Plaintiffs were required to seek leave of court to file their untimely complaint, which
16 they did not do. The Court notes that Plaintiffs wrote the phrase "leave of court" on page 1 of their
17 filing. However, Plaintiffs do not provide any further explanation for why the Court should grant
18 such leave.

19    Second, to the extent Plaintiffs requested leave of Court under Rule 15, the Court need not
20 grant such leave when amendment would be futile. *Partington v. Bugliosi*, 56 F.3d 1147, 1162 (9th
21 Cir. 1995) ("Although . . . there is a policy that favors allowing parties to amend their pleadings, a
22 district court may properly deny such a motion if it would be futile to do so.") (internal citations
23 omitted). In the instant case, as discussed above, Plaintiffs have failed to articulate a cognizable
24 claim for relief despite multiple attempts, and there is no indication that further amendment would
25 cure these flaws. Indeed, the purported amended complaint, Docket No. 22, still fails to state a
26 claim. Therefore, leave to file an amended complaint is **DENIED**.

27    Accordingly, the Court **GRANTS** Defendants' motion to dismiss and dismisses the FAC as
28 to all Defendants named in the complaint with prejudice. *See Lopez v. Smith*, 203 F.3d 1122, 1127

(9th Cir. 2000) (stating that, "in dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts ") (internal citations and quotation marks omitted). The Court **DENIES** Plaintiffs' leave to file a further amended complaint. As noted above, the Court has already granted Plaintiffs leave to amend, and their subsequent filings provide no indication that they would be able to state a claim with any further amendment. Therefore, the Clerk shall enter judgment and close the file.

This disposes of Docket No. 20.

IT IS SO ORDERED.

Dated: January 27, 2012

_____
EDWARD M. CHEN
United States District Judge